1  BLANK ROME LLP
2  Jonathon Loeb (SBN 162758)
   jloeb@blankrome.com
3  Jeffrey Rosenfeld (SBN 221625)
   jrosenfeld@blankrome.com
4  2029 Century Park East, 6th Floor
   Los Angeles, California 90067
5  Telephone:  424.239.3400
   Facsimile:   424.239.3434
6
7  Counsel for Defendant and Counterclaimant
   AFILIAS, PLC
8
           **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10

11 WOLFGANG REILE and                    Case No. 2:18-cv-01549-DMG-JEM
   ANTHONY BELTRAN,
12                                        **STIPULATION AND**
                         Plaintiffs,      **PROTECTIVE ORDER –**
13                                        **CONFIDENTIAL DESIGNATION**
                                          **ONLY**
14         vs.

15 AFILIAS, PLC,

16                       Defendant.

17 ─────────────────────────────
   AFILIAS, PLC,
18
                         Counterclaimant,
19
           vs.
20
21 WOLFGANG REILE and
   ANTHONY BELTRAN,
22                       Counter-claim
                         Defendants.
23

24

25

26

27

28

   138426.00605/107023740v.1                      1
   **STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**

1    IT IS HEREBY STIPULATED by and between plaintiff and counter-
2  defendants WOLFGANG REILE and ANTHONY BELTRAN and defendant and
3  counterclaim AFILIAS, PLC (each of which is a "Party," or collectively the
4  "Parties"), by and through their respective counsel of record, that in order to facilitate
5  the exchange of information and documents which may be subject to confidentiality
6  limitations on disclosure due to federal, state and international laws and privacy rights,
7  the Parties stipulate as follows:

8    1.    In this Stipulation and Protective Order, the words set forth below shall
9  have the following meanings:

10        a.    "Proceeding" means the above-entitled proceeding, Case no. 2:18-
11              cv-01549-DMG-JEM.

12        b.    "Court" means each judicial officer to which this Proceeding is or
13              may be assigned, including court staff participating in such
14              proceedings.

15        c.    "Confidential" means any information which is in the possession
16              of a Designating Party who believes in good faith that such
17              information is entitled to confidential treatment under applicable
18              law.

19        d.    "Confidential Materials" means any Documents, Testimony or
20              Information as defined below designated as "Confidential"
21              pursuant to the provisions of this Stipulation and Protective Order.

22        e.    "Designating Party" means the Party that designates Materials as
23              "Confidential."

24        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal,
25              divulge, give, or make available Materials, or any part thereof, or
26              any information contained therein.

27        g.    "Documents" means: (i) any physical documents or electronically
28              stored information—including writings, drawings, graphs, charts,

STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY

1   photographs, sound recordings, images, and other data or data

2   compilations—stored in any medium from which information can

3   be obtained either directly or, if necessary, after translation by the

4   responding party into a reasonably usable form, which have been

5   produced in discovery in this Proceeding by any person, and (ii)

6   any copies, reproductions, or summaries of all or any part of the

7   foregoing.

8      h.   "Information" means the content of Documents or Testimony.

9      i.   "Testimony" means all depositions, declarations or other testimony

10         taken or used in this Proceeding.

11   2.   The Designating Party shall have the right to designate as "Confidential"

12   any Documents, Testimony or Information that the Designating Party in good faith

13   believes to contain non-public information that is entitled to confidential treatment

14   under applicable law.

15   3.   The entry of this Stipulation and Protective Order does not alter, waive,

16   modify, or abridge any right, privilege or protection otherwise available to any Party

17   with respect to the discovery of matters, including but not limited to any Party's right

18   to assert the attorney-client privilege, the attorney work product doctrine, or other

19   privileges, or any Party's right to contest any such assertion.

20   4.   Any Documents, Testimony or Information to be designated as

21   "Confidential" must be clearly so designated before the Document, Testimony or

22   Information is Disclosed or produced. The parties may agree that the case name and

23   number are to be part of the "Confidential" designation.  The "Confidential"

24   designation should not obscure or interfere with the legibility of the designated

25   Information.

26      a.   For Documents (apart from transcripts of depositions or other

27         pretrial or trial proceedings), the Designating Party must affix the

28         legend "Confidential" on each page of any Document containing

1  such designated Confidential Material.

2      b.  For Testimony given in depositions the Designating Party may

3  either: (i) identify on the record, before the close of the deposition,

4  all "Confidential" Testimony, by specifying all portions of the

5  Testimony that qualify as "Confidential;" or (ii) designate the

6  entirety of the Testimony at the deposition as "Confidential"

7  (before the deposition is concluded) with the right to identify more

8  specific portions of the Testimony as to which protection is sought

9  within 30 days following receipt of the deposition transcript.  In

10  circumstances where portions of the deposition Testimony are

11  designated for protection, the transcript pages containing

12  "Confidential" Information may be separately bound by the court

13  reporter, who must affix to the top of each page the legend

14  "Confidential," as instructed by the Designating Party.

15      c.  For Information produced in some form other than Documents, and

16  for any other tangible items, including, without limitation, compact

17  discs or DVDs, the Designating Party must affix in a prominent

18  place on the exterior of the container or containers in which the

19  Information or item is stored the legend "Confidential."  If only

20  portions of the Information or item warrant protection, the

21  Designating Party, to the extent practicable, shall identify the

22  "Confidential" portions.

23      5.  The inadvertent production by any of the undersigned Parties or non-

24  Parties to the Proceedings of any Document, Testimony or Information during

25  discovery in this Proceeding without a "Confidential" designation, shall be without

26  prejudice to any claim that such item is "Confidential" and such Party shall not be

27  held to have waived any rights by such inadvertent production.  In the event that any

28  Document, Testimony or Information that is subject to a "Confidential" designation is

1   inadvertently produced without such designation, the Party that inadvertently
2   produced the document shall give written notice of such inadvertent production within
3   twenty (20) days of discovery of the inadvertent production, together with a further
4   copy of the subject Document, Testimony or Information designated as "Confidential"
5   (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production
6   Notice, the Party that received the inadvertently produced Document, Testimony or
7   Information shall promptly destroy the inadvertently produced Document, Testimony
8   or Information and all copies thereof, or, at the expense of the producing Party, return
9   such together with all copies of such Document, Testimony or Information to counsel
10  for the producing Party and shall retain only the "Confidential" designated Materials.
11  Should the receiving Party choose to destroy such inadvertently produced Document,
12  Testimony or Information, the receiving Party shall notify the producing Party in
13  writing of such destruction within ten (10) days of receipt of written notice of the
14  inadvertent production.  This provision is not intended to apply to any inadvertent
15  production of any Information protected by attorney-client or work product privileges.
16  In the event that this provision conflicts with any applicable law regarding waiver of
17  confidentiality through the inadvertent production of Documents, Testimony or
18  Information, such law shall govern.
19        6.      In the event that counsel for a Party receiving Documents, Testimony or
20  Information in discovery designated as "Confidential" objects to such designation
21  with respect to any or all of such items, said counsel shall advise counsel for the
22  Designating Party, in writing, of such objections, the specific Documents, Testimony
23  or Information to which each objection pertains, and the specific reasons and support
24  for such objections (the "Designation Objections"), no later than 90 days prior to trial.
25  Counsel for the Designating Party shall have thirty (30) days from receipt of the
26  written Designation Objections to either (a) agree in writing to de-designate
27  Documents, Testimony or Information pursuant to any or all of the Designation
28  Objections and/or (b) file a motion with the Court seeking to uphold any or all

1   designations on Documents, Testimony or Information addressed by the Designation

2   Objections (the "Designation Motion"). Pending a resolution of the Designation

3   Motion by the Court, any and all existing designations on the Documents, Testimony

4   or Information at issue in such Motion shall remain in place. The Designating Party

5   shall have the burden on any Designation Motion of establishing the applicability of

6   its "Confidential" designation. In the event that the Designation Objections are

7   neither timely agreed to nor timely addressed in the Designation Motion, then such

8   Documents, Testimony or Information shall be de-designated in accordance with the

9   Designation Objection applicable to such material.

10       7.    Access to and/or Disclosure of Confidential Materials designated as

11   "Confidential" shall be permitted only to the following persons:

12         a.     The Court;

13         b.     Attorneys of record in the Proceedings and their affiliated

14              attorneys, paralegals, clerical and secretarial staff employed by

15              such attorneys who are actively involved in the Proceedings and

16              are not employees of any Party;

17         c.     In-house counsel to the undersigned Parties and the paralegal,

18              clerical and secretarial staff employed by such counsel.

19         d.     Those officers, directors, partners, members, employees and agents

20              of all non-designating Parties that counsel for such Parties deems

21              necessary to aid counsel in the prosecution and defense of this

22              Proceeding; provided, however, that prior to the Disclosure of

23              Confidential Materials to any such officer, director, partner,

24              member, employee or agent, counsel for the Party making the

25              Disclosure shall deliver a copy of this Stipulation and Protective

26              Order to such person, shall explain that such person is bound to

27              follow the terms of such Order, and shall secure the signature of

28              such person on a statement in the form attached hereto as Exhibit

1  A;

2  e.  Court reporters in this Proceeding (whether at depositions,

3  hearings, or any other proceeding);

4  f.  Any deposition, trial or hearing witness in the Proceeding who

5  previously has had access to the Confidential Materials, or who is

6  currently or was previously an officer, director, partner, member,

7  employee or agent of an entity that has had access to the

8  Confidential Materials;

9  g.  Any deposition or non-trial hearing witness in the Proceeding who

10  previously did not have access to the Confidential Materials;

11  provided, however, that each such witness given access to

12  Confidential Materials shall be advised that such Materials are

13  being Disclosed pursuant to, and are subject to, the terms of this

14  Stipulation and Protective Order and that they may not be

15  Disclosed other than pursuant to its terms;

16  h.  Mock jury participants, provided, however, that prior to the

17  Disclosure of Confidential Materials to any such mock jury

18  participant, counsel for the Party making the Disclosure shall

19  deliver a copy of this Stipulation and Protective Order to such

20  person, shall explain that such person is bound to follow the terms

21  of such Order, and shall secure the signature of such person on a

22  statement in the form attached hereto as Exhibit A.

23  i.  Outside experts or expert consultants consulted by the undersigned

24  Parties or their counsel in connection with the Proceeding, whether

25  or not retained to testify at any oral hearing; provided, however,

26  that prior to the Disclosure of Confidential Materials to any such

27  expert or expert consultant, counsel for the Party making the

28  Disclosure shall deliver a copy of this Stipulation and Protective

1                 Order to such person, shall explain its terms to such person, and

2                 shall secure the signature of such person on a statement in the form

3                 attached hereto as Exhibit A.  It shall be the obligation of counsel,

4                 upon learning of any breach or threatened breach of this

5                 Stipulation and Protective Order by any such expert or expert

6                 consultant, to promptly notify counsel for the Designating Party of

7                 such breach or threatened breach; and

8         j.     Any other person that the Designating Party agrees to in writing.

9       8.     Confidential Materials shall be used by the persons receiving them only

10 for the purposes of preparing for, conducting, participating in the conduct of, and/or

11 prosecuting and/or defending the Proceeding, and not for any business or other

12 purpose whatsoever.

13       9.     Any Party to the Proceeding (or other person subject to the terms of this

14 Stipulation and Protective Order) may ask the Court, after appropriate notice to the

15 other Parties to the Proceeding, to modify or grant relief from any provision of this

16 Stipulation and Protective Order.

17       10.    Entering into, agreeing to, and/or complying with the terms of this

18 Stipulation and Protective Order shall not:

19         a.     operate as an admission by any person that any particular

20                 Document, Testimony or Information marked "Confidential"

21                 contains or reflects trade secrets, proprietary, confidential or

22                 competitively sensitive business, commercial, financial or personal

23                 information; or

24         b.     prejudice in any way the right of any Party (or any other person

25                 subject to the terms of this Stipulation and Protective Order):

26               i.     to seek a determination by the Court of whether any

27                     particular Confidential Material should be subject to

28                     protection as "Confidential" under the terms of this

1             Stipulation and Protective Order; or

2         ii.    to seek relief from the Court on appropriate notice to

3               all other Parties to the Proceeding from any

4               provision(s) of this Stipulation and Protective Order,

5               either generally or as to any particular Document,

6               Material or Information.

7       11.    Any Party to the Proceeding who has not executed this Stipulation and

8 Protective Order as of the time it is presented to the Court for signature may thereafter

9 become a Party to this Stipulation and Protective Order by its counsel's signing and

10 dating a copy thereof and filing the same with the Court, and serving copies of such

11 signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12       12.    Any Information that may be produced by a non-Party witness in

13 discovery in the Proceeding pursuant to subpoena or otherwise may be designated by

14 such non-Party as "Confidential" under the terms of this Stipulation and Protective

15 Order, and any such designation by a non-Party shall have the same force and effect,

16 and create the same duties and obligations, as if made by one of the undersigned

17 Parties hereto.  Any such designation shall also function as a consent by such

18 producing Party to the authority of the Court in the Proceeding to resolve and

19 conclusively determine any motion or other application made by any person or Party

20 with respect to such designation, or any other matter otherwise arising under this

21 Stipulation and Protective Order.

22       13.    If any person subject to this Stipulation and Protective Order who has

23 custody of any Confidential Materials receives a subpoena or other process

24 ("Subpoena") from any government or other person or entity demanding production of

25 Confidential Materials, the recipient of the Subpoena shall promptly give notice of the

26 same by electronic mail transmission, followed by either express mail or overnight

27 delivery to counsel of record for the Designating Party, and shall furnish such counsel

28 with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may,

1   in its sole discretion and at its own cost, move to quash or limit the Subpoena,

2   otherwise oppose production of the Confidential Materials, and/or seek to obtain

3   confidential treatment of such Confidential Materials from the subpoenaing person or

4   entity to the fullest extent available under law.  The recipient of the Subpoena may not

5   produce any Documents, Testimony or Information pursuant to the Subpoena prior to

6   the date specified for production on the Subpoena.

7        14.    Nothing in this Stipulation and Protective Order shall be construed to

8   preclude either Party from asserting in good faith that certain Confidential Materials

9   require additional protection. The Parties shall meet and confer to agree upon the

10   terms of such additional protection.

11        15.    If, after execution of this Stipulation and Protective Order, any

12   Confidential Materials submitted by a Designating Party under the terms of this

13   Stipulation and Protective Order is Disclosed by a non-Designating Party to any

14   person other than in the manner authorized by this Stipulation and Protective Order,

15   the non-Designating Party responsible for the Disclosure shall bring all pertinent facts

16   relating to the Disclosure of such Confidential Materials to the immediate attention of

17   the Designating Party.

18        16.    This Stipulation and Protective Order is entered into without prejudice to

19   the right of any Party to knowingly waive the applicability of this Stipulation and

20   Protective Order to any Confidential Materials designated by that Party.  If the

21   Designating Party uses Confidential Materials in a non-Confidential manner, then the

22   Designating Party shall advise that the designation no longer applies.

23        17.    Where any Confidential Materials, or Information derived from

24   Confidential Materials, is included in any motion or other court filing, the Party filing

25   the documents shall follow the procedures provided by Local Rule 79-5 and the

26   Court's Guide to Electronically Filing Under-Seal Documents in Civil Cases for filing

27   documents under seal, and shall be marked as required by those rules.

28        18.    The Parties shall meet and confer regarding the procedures for use of

1    Confidential Materials at trial and shall move the Court for entry of an appropriate

2    order.

3        19.    Nothing in this Stipulation and Protective Order shall affect the

4    admissibility into evidence of Confidential Materials, or abridge the rights of any

5    person to seek judicial review or to pursue other appropriate judicial action with

6    respect to any ruling made by the Court concerning the issue of the status of Protected

7    Material.

8        20.    This Stipulation and Protective Order shall continue to be binding after

9    the conclusion of this Proceeding and all subsequent proceedings arising from this

10   Proceeding, except that a Party may seek the written permission of the Designating

11   Party or may move the Court for relief from the provisions of this Stipulation and

12   Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction to

13   enforce, modify, or reconsider this Stipulation and Protective Order, even after the

14   Proceeding is terminated.

15       21.    Upon written request made within thirty (30) days after the settlement or

16   other termination of the Proceeding, the undersigned Parties shall have thirty (30)

17   days to either (a) promptly return to counsel for each Designating Party all

18   Confidential Materials and all copies thereof (except that counsel for each Party may

19   maintain in its files, in continuing compliance with the terms of this Stipulation and

20   Protective Order, all work product, and one copy of each pleading filed with the Court

21   and one copy of each deposition together with the exhibits marked at the deposition),

22   (b) agree with counsel for the Designating Party upon appropriate methods and

23   certification of destruction or other disposition of such Confidential Materials, or (c)

24   as to any Documents, Testimony or other Information not addressed by sub-

25   paragraphs (a) and (b), file a motion seeking a Court order regarding proper

26   preservation of such Materials. To the extent permitted by law the Court shall retain

27   continuing jurisdiction to review and rule upon the motion referred to in sub-

28   paragraph (c) herein.

22.     After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

23.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

24.     This Stipulation and Protective Order may be executed in counterparts.

DATED:  April 13, 2018          BLANK ROME LLP

                                By: _____
                                    Jeffrey Rosenfeld
                                    Jonathon Loeb
                                    Attorneys for Defendant and
                                    Counterclaimant Afilias, plc

DATED:  April 13, 2018          SQUIRE PATTON BOGGS (US) LLP

                                By: _____
                                    Daniel Wu
                                    Emily Wallerstein
                                    Attorneys for Plaintiff and Counterclaim-
                                    Defendant Wolfgang Reile

STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY

1  DATED: April 19, 2018          SOLOMON WARD SEIDENWURM &
                                  SMITH LLP
2

3                                 By: _____
                                       Stephen L. Schreiner
4                                      Attorneys for Plaintiff and Counterclaim-
                                  Defendant Anthony Beltran
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

138426.00605/107023740v.1                    13

**EXHIBIT A**

Certification Re Confidential Discovery Materials

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND EMPLOYER], am

about to receive Confidential Materials supplied in connection with the Proceeding,

United States District Court for the Central District of California case no. 2:18-cv-

01549-DMG-JEM.  I certify that I understand that the Confidential Materials are

provided to me subject to the terms and restrictions of the Stipulation and Protective

Order filed in this Proceeding.  I have been given a copy of the Stipulation and

Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and

Protective Order, including any notes or other records that may be made regarding any

such materials, shall not be Disclosed to anyone except as expressly permitted by the

Stipulation and Protective Order.  I will not copy or use, except solely for the purposes

of this Proceeding, any Confidential Materials obtained pursuant to this Protective

Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials

provided to me in the Proceeding in a secure manner, and that all copies of such

Materials are to remain in my personal custody until termination of my participation

in this Proceeding, whereupon the copies of such Materials will be returned to counsel

who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States of

America, that the foregoing is true and correct.

DATED:  April 13, 2018

By: _____
　　　　　　　Name
　　　　　　　Address, Email, Phone

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

GOOD CAUSE APPEARING, the Court hereby approves this Stipulation and Protective Order.

IT IS SO ORDERED.

DATED: April 23, 2018     UNITED STATES DISTRICT COURT

By: _____

138426.00605/107023740v.1                15

**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**